GRUETT *v.* DIBBLE.

1. ACCOUNTING—RENTS AND PROFITS.
    Where complainant let a farm on shares, and defendant received the rent, agreeing to keep an account thereof, but failing to do so, defendant, on an accounting, was properly charged with the rental value of the land.

2. SAME—APPEAL—EVIDENCE.
    On appeal in an accounting, an allowance to complainant for services in procuring a conveyance of land to defendant will not be rejected on the ground that the only proof of the conveyance was complainant's oral testimony, where such testimony was neither objected to nor disputed by defendant.

Appeal from Isabella; Smith (Stearns F.), J., presiding. Submitted January 30, 1901.   Decided May 21, 1901.

Bill by Philip Gruett against Mason B. Dibble, impleaded with Thomas Bamborough, for an accounting. From a decree for complainant, defendant appeals. Affirmed.

*Russell & McNamara* and *F. H. Dodds*, for complainant.

*J. Lee Potts* (*Edwin H. Lyon*, of counsel), for defendant.

HOOKER, J.   Complainant's bill alleges his ownership of an undivided third interest in a parcel of land, subject to a mortgage.   Wishing to purchase the other two-thirds, he arranged with defendant that said two-thirds should be conveyed to him as security for the purchase price and the amount of said mortgage, both of which defendant paid for him.   The parties have had dealings ever since, covering a period of 11 years; and the bill is filed for an accounting, and to compel defendant to convey his interest in the premises to the complainant.   From a decree in favor of the complainant, the defendant has appealed.

The case is reduced to a matter of accounting.   Counsel for each party have succinctly stated the account, in a most commendable way, making a comparison and elimination of undisputed items easy.

1. The first disputed question involves the date of what is called the "Kempf Note."   Our examination of the record leads us to the conclusion that the defendant's claim is correct, and that the indebtedness was incurred in 1888.

2. It is claimed that the Exchange Bank note, of $1,-300, was offset to the amount of $100 paid by complainant to the defendant.   As complainant's testimony is undisputed, this item should be allowed him.

3. One Welch harvested some wheat raised upon a par-

cel of land owned by the complainant, and, by complainant's direction, delivered complainant's share to the defendant. It is claimed that this amounted to 800 bushels. Defendant's statement shows a deduction of one-sixth, upon the claim that it was short in weight; but we think this was not proved. It is also claimed that the complainant received 25 bushels of his share of the wheat; but we think this, if proved, is offset by the price shown to have been received for the wheat, and we therefore allow the item as charged.

4. Complainant leased certain lands for the period of three years on shares, and the defendant received his share. The complainant testified that he had no knowledge of the amount received, and stated that defendant agreed to keep account of it, but claims that he did not. A charge of the rental value was therefore made, and we think it should be allowed as charged.

5. A claim was made for $200 agreed to be paid to complainant if he would induce his mother to deed a parcel of land to defendant. It is said that this should not be allowed, because the only proof that the same was deeded to defendant is the oral testimony of the complainant. No objection was made to this testimony, and the defendant, who was a witness, did not dispute it. Under these circumstances, we think the item should be allowed.

6. Defendant desired to purchase a parcel of land owned by a third person, and complainant endeavored to buy it for him, but could not. He found, however, that the owner would trade it for a parcel owned by the complainant, and this was done; complainant's land being first deeded by complainant to defendant. Both parties testify as to the price to be paid, there being a difference of $600 between them. The item is allowed as claimed by complainant.

7. An item of. $225 paid into the bank by Hart is disputed. Complainant states that it was paid in, by his direction, for defendant, and that he notified defendant of the fact. Defendant claims that it was applied on a mort-

gage upon the premises sold to Hart; but, if it was, it appears to have been under an arrangement between defendant and the bank, with which complainant had nothing to do. If it was not, it is not binding upon him. The item should be allowed.

8. A similar disagreement appears in relation to another parcel deeded by complainant to the defendant, the disputed amount being $400. Neither of these items is free from doubt, but the learned circuit judge, who saw the witnesses, must have believed the complainant's version, and we think it the more credible, in view of all the evidence.

The decree appealed from awarded $1,000 to the complainant, and, as our own computation exceeds that sum to a, small amount, the decree is affirmed, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.